W. S. S. BUCK et al. *vs.* THEODORE SMITH.

October Term, 1897.

Present:  ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Construction of Will—Life Estate.*

The testatrix, after devising and bequeathing all of her real and personal estate to her son in trust for his children, and providing for the payment of her debts, funeral expenses and a stone to mark the place of her burial, gave "the remainder" of her estate to the son during his natural life for his sole use and benefit.  *Held*, that the son took a life estate.

APPEAL from the court of chancery.  The bill was brought by Walter S. S. Buck for himself and for his children, who were all minors, alleging that the children were owners in fee of the real estate devised, and that the father had no interest therein except as trustee for them, and seeking to enjoin the defendant, a creditor of the father, from selling the real estate upon execution against him.  A temporary injunction having been granted, the cause came on to be heard upon bill and answer at the June Term, 1897, Orange County, before *Thompson*, Chancellor, who decreed that the father had a life estate in the premises and dissolved the injunction.  The orators appealed.

The will also contained the following clause, "and no part of said estate shall be sold or in any way alienated."

*J. D. Denison* for the orator.

The intention of the testator is controlling.  *Richardson* v. *Paige*, 54 Vt. 373.  The first clause of the will shows an intention to create a trust for the benefit of the grand-children.  She also expressly provides that no part of the estate shall be sold or in any way alienated.  The orators themselves could not dispose of the property and a creditor cannot take it by force.

The children have a right of occupancy jointly with their father. *Thompson* v. *Tryon*, 66 Vt. 191.

The whole will should be sustained if possible.

*M. M. Wilson* for the defendant.

The first clause of the will if it stood alone, would give the children an estate in fee, but the second clause gives the father a life estate, and in the explanatory clause the same right is recognized. Construed as a whole it is clear that the children take the fee at the decease of the father.

START, J. The testatrix, after devising and bequeathing all of her real and personal estate to her son, Walter S. S. Buck, in trust for his children, and providing for the payment of her debts, funeral expenses and a stone to mark the place of her burial, gives the remainder of her estate to said Walter S. S. Buck, during his natural life, for his sole use and benefit, and provides further that said Walter S. S. Buck shall hold and preserve the same as trustee thereof for the behoof and benefit of his children. After thus disposing of her entire estate, she proceeds to make plain her intention and meaning by the following clause: "The meaning and tenor of this my last will and testament is that the children of said Walter S. S. Buck shall at my decease become my legal heirs, and that said Walter S. S. Buck as trustee and natural guardian of the said children may use the property of the estate and enjoy the income from the same after my decease during his natural life."

It is clear from the first clause of the will that Walter S. S. Buck takes the entire estate in trust for his children, subject to legal charges thereon, unless he is given a life estate therein by subsequent clauses in the will. The testatrix, after giving her entire estate to Walter in trust, provides for the payment of her debts, funeral expenses and the erection of a stone at her grave, out of the same estate. She then gives the remainder of her estate for the sole use and benefit of Walter during his life. It is clear that she intended, by the use of the word "remainder," to designate all of the

estate that she had, by the first clause of her will, given to
Walter in trust, that should be left after paying her funeral
expenses, her debts, and erecting a stone at her grave.
Having given the entire estate to Walter in trust, there was
no remainder except what was left out of the estate thus
given, after paying the funeral expenses, debts, and erecting
a stone at her grave; and the word "remainder" can only
refer to the estate first given in trust.   This construction is
consistent with the subsequent clause in the will, whereby
the testatrix declares that the meaning and tenor of her
will is, that the children of Walter S. S. Buck shall, at her
decease, be her legal heirs, and that Walter, as trustee and
natural guardian of his children, may use the property of
the estate and enjoy the income from the same during his
natural life.   We think it clear that the testatrix intended
that Walter should take a life estate in the residue of the
estate, after paying the debts, funeral expenses, and erecting
a stone at the testatrix's grave.   We, therefore, hold that
Walter takes a life estate under the will.

*Decree affirmed and cause remanded.*